**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FATIH UGUZ,

          *Petitioner,*

          v.

LUIS SOTO, *et al.,*

          *Respondents.*

Civil Action No. 26-cv-04048

**ORDER**

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Fatih Uguz ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his arrest and continued immigration detention (ECF No. 1); and

**WHEREAS**, Petitioner contends that his continued immigration detention violates the Fifth Amendment because civil detention must be reasonably related to a legitimate governmental purpose and not arbitrary or unjustified, and argues that his continued confinement infringes his substantive due process rights, while further asserting that he has been denied a constitutionally adequate opportunity to challenge his detention before a neutral decisionmaker (*id.* ¶¶ 28–35, 37–41); and

**WHEREAS**, Petitioner is a citizen of Turkey who entered the United States near the Mexico border on or about June 1, 2022 (*id.* ¶¶ 16–17); and

**WHEREAS** Petitioner subsequently filed a Form I-589 Application for Asylum, Withholding of Removal, and Protection under the Convention Against Torture with United States Citizenship and Immigration Services (*id.* ¶ 18); and

**WHEREAS**, on or about March 22, 2026, Petitioner was taken into custody by United States Immigration and Customs Enforcement while attending a routine immigration check-in appointment and is presently detained at Delaney Hall Detention Facility in Newark, New Jersey; (*id.* ¶¶ 4, 19); and

**WHEREAS**, Petitioner represents that he has no criminal history, and poses no danger to the community (*id.* ¶¶ 20, 25, 33); and

**WHEREAS**, Respondents assert that Petitioner is subject to detention pursuant to 8 U.S.C. § 1225(b) and rely on a Notice to Appear issued on April 9, 2026, thereby placing him in removal proceedings under INA § 240 (ECF No. 8-2), and a Warrant for Arrest which invokes INA § 236 (ECF No. 8-1); and

**WHEREAS**, these documents demonstrate that Petitioner is detained pursuant to 8 U.S.C. § 1226, not § 1225, and thus is entitled to an individualized bond determination before an immigration judge. *See Jennings v. Rodriguez,* 583 U.S. 281, 296–302 (2018) (distinguishing the statutory schemes governing §§ 1225(b) and 1226, and explaining that § 1226(a) affords discretionary custody and bond review while § 1225(b) contemplates mandatory detention without such hearings); and

**WHEREAS**, Respondents may not rely on § 1225 where the Government's own records reflect detention under § 1226; and

**WHEREAS**, the appropriate remedy is to ensure Petitioner receives the process required under § 1226(a). *See Demore v. Kim,* 538 U.S. 510, 528–531 (2003) (underscoring that § 1226(a) operates as the general detention provision that affords non-arriving aliens an individualized bond hearing—an important procedural protection absent from the mandatory regime);

**IT IS**, on this 30th day of April 2026,

2

**ORDERED** that the Petition (ECF No. 1) is **GRANTED IN PART**; and it is further

**ORDERED** that Respondents shall provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) within **seven (7) days**; and it is further

**ORDERED** that, if such a hearing is not conducted within the time specified, Respondents shall **immediately release Petitioner** under reasonable conditions; and it is further

**ORDERED** that Respondents shall file a letter confirming compliance with this Order; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** the case.

**Hon. Karen M. Williams,**
**United States District Judge**

3